UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| CRAIG NEAL,<br>　　　　Plaintiff,<br>　　v.<br>NANCY A. BERRYHILL,<br>　　　　Defendant. | Case No. 17-cv-05212-RMI<br><br>**ORDER REMANDING CASE** |

Plaintiff Craig Neal seeks judicial review of an administrative law judge ("ALJ") decision denying his application for supplemental security income under Title XVI of the Social Security Act. Plaintiff's request for review of the ALJ's unfavorable decision was denied by the Appeals Council. The ALJ's decision is therefore the "final decision" of the Commissioner of Social Security, which this court may review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Both parties have consented to the jurisdiction of a magistrate judge (Docs. 9, 10) and both parties have moved for summary judgment (Docs. 19 & 20). For the reasons stated below, the court will grant Plaintiff's motion for summary judgment in part, and will deny Defendant's motion for summary judgment.

## LEGAL STANDARDS

The Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). A district court has a limited scope of review and can only set aside a denial of benefits if it is not supported by substantial evidence or if it is based on legal error. *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108

F.3d 978, 979 (9th Cir. 1997). "In determining whether the Commissioner's findings are supported by substantial evidence," a district court must review the administrative record as a whole, considering "both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The Commissioner's conclusion is upheld where evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

**PROCEDURAL HISTORY**

Plaintiff filed his initial application for Title XVI benefits on November 15, 2013. Administrative Record ("AR") 164. His application was initially denied on April 7, 2014, and was denied upon reconsideration on June 10, 2014. (AR 100, 104.) Plaintiff filed a request for hearing with an ALJ and a letter of acknowledgment was sent on July 16, 2014. (AR 110.) A hearing was held on April 12, 2016. (AR 35.) The ALJ issued an unfavorable decision on June 27, 2016. (AR 17.) A timely request for Appeals Council review was denied on July 11, 2017. (AR 1.)

**SUMMARY OF HEALTH CARE PROVIDERS**

Plaintiff had four therapy sessions with James Sondecker, LCSW, at Eastmont Wellness Center from between October 15, 2013, and May 5, 2014. (AR 294-295, 296-298, 312-313, 351-352.) He had weekly therapy at the Family Service Counseling Center from Ryan DeSouza, LMFT, from December 17, 2014, through March 2016. (AR 391-406.) He began receiving psychiatric medication management from Dr. Hipolito at Schuman-Liles Clinic on August 13, 2015. The Administrative Record contains notes from office visits with Dr. Hipolito on August 13, 2015, September 17, 2015, October 22, 2015, and November 19, 2015. (AR 355-371.)

Plaintiff had a consultative exam with state agency psychologist Kyle Gaasbeck, Ph.D., on March 7, 2014. (AR 314-317.) At his attorney's behest, Plaintiff had a one-time psychological evaluation with Lesleigh Franklin, Ph.D., on April 25, 2014. (AR 339-349.)

**THE FIVE STEP SEQUENTIAL ANALYSIS FOR DETERMINING DISABILITY**

A person filing a claim for social security disability benefits ("the claimant") must show that he has the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or is expected to last for twelve or

more months. *See* 20 C.F.R. §§ 416.920(a)(4)(ii), 416.909.1. The ALJ must consider all evidence in the claimant's case record to determine disability (*see id*. § 416.920(a)(3)), and must use a five-step sequential evaluation process to determine whether the claimant is disabled (*see id*. § 416.920). "[T]he ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983).

Here, the ALJ evaluated Plaintiff's application for benefits under the required five-step sequential evaluation. (AR 20-29.)

At Step One, the claimant bears the burden of showing he has not been engaged in "substantial gainful activity" since the alleged date the claimant became disabled. *See* 20 C.F.R. § 416.920(b). If the claimant has worked and the work is found to be substantial gainful activity, the claimant will be found not disabled. *See id*. The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of November 15, 2013. (AR 22.)

At Step Two, the claimant bears the burden of showing that he has a medically severe impairment or combination of impairments. *See* 20 C.F.R. § 416.920(a)(4)(ii), (c). "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'" *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (quoting S.S.R. No. 96–3(p) (1996)). The ALJ found that Plaintiff suffered from the following severe impairments: major depressive disorder with psychotic features; obsessive-compulsive disorder; anti-social personality traits; borderline intellectual functioning; and bipolar disorder. (AR 22.)

At Step Three, the ALJ compares the claimant's impairments to the impairments listed in appendix 1 to subpart P of part 404. *See* 20 C.F.R. § 416.920(a)(4)(iii), (d). The claimant bears the burden of showing his impairments meet or equal an impairment in the listing. *Id*. If the claimant is successful, a disability is presumed and benefits are awarded. *Id*. If the claimant is unsuccessful, the ALJ assesses the claimant's residual functional capacity ("RFC") and proceeds to Step Four. *See id*. § 416.920(a)(4)(iv), (e). Here, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. (AR 22-24.) Next, the ALJ determined that Plaintiff retained the RFC "to perform a full range of work at

3

all exertional levels," with several physical and environmental limitations. (AR 24.) Specifically, the ALJ found that Plaintiff is limited to simple, routine and repetitive tasks; simple work-related decisions; and a stable work environment . *Id.*

At Step Four, the ALJ determined that Plaintiff has no past relevant work. (AR 27.)

At Step Five, the ALJ concluded that based on the testimony of the VE, and the ALJ's formulation of the RFC, that Plaintiff was capable of making a successful adjustment to work that existed in significant numbers in the national economy; and thus, the ALJ found that Plaintiff had not been under a disability, as defined in the Social Security Act, from July 1, 2012, through the date of the decision. (AR 27-28.)

## ISSUES PRESENTED

Plaintiff presents five issues for review. The first assigns error to the ALJ's finding that Plaintiff does not meet or equal a listing. Plaintiff's second issue assigns error to the ALJ's evaluation of the medical opinions. Plaintiff's third issue assigns error to the ALJ's assessment of Plaintiff's credibility. Plaintiff's fourth issue assigns error to the ALJ's assessment of Plaintiff's residual functional capacity. Plaintiff's fifth issue addresses the question of whether the court should remand for further proceedings. Because the court finds error in regard to Plaintiff's second issue, the court finds it cannot address the other issues.

## DISCUSSION

Plaintiff contends that the ALJ erred in failing to address the opinion of treating psychiatrist Michael Hipolito, M.D. He argues that because Plaintiff's treating therapist, Ms. DeSouza, is not an acceptable medical source under the regulations, Dr. Hipolito should be considered Plaintiff's treating physician.

Only licensed physicians and certain other qualified specialists are considered "[a]cceptable medical sources." *See* 20 C.F.R. § 404.1513(a). It is undisputed that social workers are not so considered. *See Turner commissioner of Social Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (social worker not an "acceptable medical source" under the regulations). Thus, the court agrees with Plaintiff that neither Ms. DeSouza nor Mr. Sondecker can be considered Plaintiff's treating physician. This leaves Dr. Hopolito as Plaintiff's sole treating physician. "The ALJ is

4

required to discuss reasons for rejecting a treating physician's opinion, and the Court may not affirm the ALJ's decision based on reasoning the ALJ did not cite." *Stout v. Commissioner*, 454 F.3d 1050 (9th Cir. 2006); *see Turner*, 613 F.3d at 1222 ("the commissioner must provide clear and convincing reasons for rejecting the uncontradicted opinion of an examining physician"). Here, the ALJ did not mention Dr. Hipolito's opinion in his decision, despite the fact that the Administrative Record contains notes from four appointments he had with Plaintiff. This was error.

The court finds that it cannot resolve the additional issues raised by Plaintiff until the error in failing to address Dr. Hipolito's analysis is corrected. *See generally, Haverlock v. Colvin*, No. 2:12-CV-2393-DAD, 2014 WL 670202, at *5 (E.D. Cal. Feb. 20, 2014) ("In light of the remand required by the ALJ's error at Step Two, the court need not address plaintiff's remaining claims."). Each of the issues raised by Plaintiff involves the ALJ's analysis of the opinions of health care providers, and this is susceptible to change when Dr. Hipolito's opinion is factored in to the analysis. Accordingly, the case must be remanded for further proceedings to allow the Commissioner to consider the opinion of Dr. Hipolito.

## CONCLUSION

For the reasons stated above, the court GRANTS Plaintiff's motion for summary judgment in part, DENIES Defendant's motion for summary judgment, and REMANDS this matter for further proceedings in accordance with this Order.

A separate judgment will issue.

**IT IS SO ORDERED.**

Dated: July 5, 2018

ROBERT M. ILLMAN
United States Magistrate Judge